WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Incorporated, | No. CV-16-00234-TUC-RM (BPV) |
| Plaintiff, | **ORDER** |
| v. | |
| Arun Patel, et al., | |
| Defendants. | |

On December 4, 2017, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation (Doc. 32), recommending that this Court grant Plaintiff J & J Sports Productions Inc.'s Motion for Summary Judgment (Doc. 28) and award Plaintiff $9,000 in damages. Pending before the Court is Plaintiff's Objection (Doc. 33) to the Report and Recommendation.

**I.  Background**

Plaintiff brought this action pursuant to the Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.*, and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq.* (Doc. 1 at 1-2.)[1]

**A.  Plaintiff's Motion for Summary Judgment**

In its Motion for Summary Judgment, Plaintiff argued that there is no dispute that it was contractually granted the exclusive nationwide commercial distribution rights to

---

[1] Record citations refer to the page numbers generated by the Court's electronic filing system.

*"The Fight of the Century" Floyd Mayweather, Jr. v. Manny Pacquiao Championship Fight Program*, which was telecast nationwide on May 2, 2015, and that Defendants unlawfully exhibited the program, without Plaintiff's authorization, at the El Dorado Inn Suites & Bar in Nogales, Arizona. (Doc. 28-1 at 6-15.) Plaintiff further argued that it is entitled to $9,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and $30,000 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii),[2] as well as costs and attorneys' fees. (*Id.* at 15-20.)[3]

In their Response to Plaintiff's Motion for Summary Judgment, Defendants did not dispute liability. (Doc. 30 at 2.) However, Defendants argued that they were not responsible for organizing or advertising the event at which the program was shown, that they expected someone else had taken care of licensing, that they were unsophisticated in the use of pay-per-view television in a commercial setting, and that they generated less than $500.00 in total revenue on account of showing the program. (*Id.*) Accordingly, Defendants argued that Defendants should be awarded only $1,000 in statutory damages. (*Id.* at 3.)

### B. Judge Velasco's Report and Recommendation

Judge Velasco found that 47 U.S.C. § 605, rather than 47 U.S.C. § 553, is applicable. (Doc. 32 at 6, 8.) Judge Velasco held that the undisputed facts established Defendants' liability under 47 U.S.C. § 605, and that the district court should award $6,000 in statutory damages and $3,000 in enhanced damages. (*Id.* at 7-16.)

### C. Plaintiff's Objection

Plaintiff does not object to Judge Velasco's recommended award of $6,000 in statutory damages, but it does object to Judge Velasco's recommended award of $3,000 in enhanced damages. (Doc. 33 at 2-4.) Plaintiff argues that the recommended enhanced

---

[2] Throughout this Order, the Court will refer to damages awarded pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) as "statutory damages" and damages awarded pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) as "enhanced damages."

[3] In its Complaint, Plaintiff requested $110,000 in damages for violation of 47 U.S.C. § 605 and $60,000 in damages for violation of 47 U.S.C. § 553. (Doc. 1 at 7-9.)

damages award does not sufficiently compensate Plaintiff, take into account the severity of Defendants' behavior, or function as an effective deterrent. (*Id.* at 3-4) Plaintiff asks the Court to award $30,000 in enhanced damages. (*Id.* at 2.)

In their Response to Plaintiff's Objection, Defendants argue that this Court should adopt Judge Velasco's Report and Recommendation without modification. (Doc. 34 at 1.) Defendants argue that Judge Velasco thoroughly and properly addressed the various issues in this case, and that his recommended damages award is fair and reasonable under the circumstances. (*Id.*)

## II. Legal Standard

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by a magistrate judge. 28 U.S.C. § 636(b)(1). The district judge must "make a de novo determination of those portions" of the magistrate judge's "report or specified proposed findings or recommendations to which objection is made." *Id.* The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## III. Discussion

A party aggrieved by a violation of 47 U.S.C. § 605(a) may recover statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Furthermore, "[i]n any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase

the award of damages . . . by an amount of not more than $100,000 for each violation." *Id.* § 605(e)(3)(C)(ii).

An award of damages under 47 U.S.C. § 605(e)(3)(C) should be sufficiently high to deter future unlawful conduct but not so high as to put the defendant out of business. *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999). In awarding statutory damages under § 605(e)(3)(C)(i)(II), "courts in this district have considered factors such as the maximum capacity of the commercial establishment, the total number of patrons present at the time of the unauthorized showing, and the amount defendant would have paid if it had purchased the rights to show the broadcast." *J & J Sports Prods., Inc. v. Vargas*, No. CV 11-02229-PHX-JAT, 2013 WL 1249206, at *3 (D. Ariz. Mar. 27, 2013). In awarding enhanced damages under § 605(e)(3)(C)(ii), courts have considered "'factors such as repeat violations, substantial unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges, or charging premium menu and drink prices.'" *Vargas*, 2013 WL 1249206, at *3 (quoting *J & J Sports Prods., Inc. v. Miramontes*, No. CV-10-02345-PHX-FJM, 2011 WL 892350, at *2 (D. Ariz. Mar. 14, 2011)); *see also Kingvision Pay-Per-View, Ltd. v. Gutierrez*, 544 F. Supp. 2d 1179, 1185 (D. Colo. 2008).

As Plaintiff points out in its Objections (Doc. 33 at 4-5), the Ninth Circuit has indicated that "[d]epending on the circumstances, a low five figure judgment may be a stiff fine that deters, while a high five figure judgment puts a bar out of business." *Lake Alice Bar*, 168 F.3d at 350. However, *Lake Alice Bar* does not mandate five-figure damage awards in every case. *J & J Sports Prods., Inc. v. Ocampo*, No. 5:15-cv-00982-EJD, 2016 WL 861394, at *3 (N.D. Cal. Mar. 7, 2016); *J & J Sports Prods., Inc. v. Munguia*, No. 13-CV-02004-LHK, 2014 WL 1572409, at *3 (N.D. Cal. Apr. 17, 2014). To the contrary, district courts have "wide discretion" in fashioning damage awards based on the particular circumstances of each case. *Munguia*, 2014 WL 1572409, at *3. Due to this wide discretion, and because the propriety of any particular damage award depends upon a variety of factors, prior cases illustrate significant variability in damage

awards. *Compare, e.g.*, *id.* at *1, 4 (awarding $4,200 in statutory damages and $1,500 in enhanced damages), *with Joe Hand Promotions, Inc. v. Carranza*, 2009 WL 4254460, at *3 (E.D. Cal. Nov. 24, 2009) (awarding $10,000 in statutory damages and $90,000 in enhanced damages). *See also J & J Sports Prods., Inc. v. Sorondo*, No. 1:11-cv-00411-AWI-SMS, 2011 WL 3917391, at *5 (E.D. Cal. Sept. 6, 2011) (collecting cases).

Where a defendant acted willfully for the purpose of commercial advantage or private financial gain, but few other aggravating factors exist, total awards ranging from $2,000 to $25,000 have been found appropriate in this district. *See, e.g.*, *J & J Sports Prods., Inc. v. Arvizu*, No. CV 12-550-TUC-FRZ, 2014 WL 199095, at *1, 4 (D. Ariz. Jan. 17, 2014) (awarding $2,400 in statutory damages and $1,000 in enhanced damages); *J & J Sports Prods., Inc. v. Pineda*, No. CV-12-02406-PHX-FJM, 2013 WL 1767702, at *1-2 (D. Ariz. Apr. 24, 2013) ($3,000 in statutory damages and $2,000 in enhanced damages); *Vargas*, 2013 WL 1249206, at *3 ($4,000 in statutory damages and $10,000 in enhanced damages); *Joe Hand Promotions, Inc. v. Weber*, No. CV 12-00387-PHX-FJM, 2012 WL 5306162, at *1 (D. Ariz. Oct. 26, 2012) ($2,000 in statutory damages and $2,000 in enhanced damages); *Innovative Sports Mgmt., Inc. v. Gonzalez*, No. CV-12-00381-PHX-PGR, 2012 WL 3762436, at *2-3 (D. Ariz. Aug. 29, 2012) ($1,000 in statutory damages and $1,000 in enhanced damages); *Joe Hand Promotions, Inc. v. Pinkhasov*, No. CV 11-02437-PHX-FJM, 2012 WL 3641451, at *1 (D. Ariz. Aug. 24, 2012) ($10,000 in statutory damages and $5,000 in enhanced damages); *J & J Sports Prods., Inc. v. Guzman*, No. CV 12-00525-PHX-FJM, 2012 WL 3108831, at *1 (D. Ariz. July 31, 2012) ($10,000 in statutory damages and $7,500 in enhanced damages); *J & J Sports Prods., Inc. v. Jacamo*, No. CV 12-00521-PHX-FJM, 2012 WL 2992037, at *1 (D. Ariz. July 20, 2012) ($10,000 in statutory damages and $2,500 in enhanced damages); *J & J Sports Prods., Inc. v. Barrio Fiesta of Manila Rest. LLC*, No. CV 11-2216-PHX-JAT, 2012 WL 2919599, at *2 (D. Ariz. July 17, 2012) ($10,000 in statutory damages and $15,000 in enhanced damages); *Joe Hand Promotions, Inc. v. Coen*, No. CV-11-2531-PHX-JAT, 2012 WL 2919710, at *2 (D. Ariz. July 17, 2012) ($10,000 in

statutory damages and $10,000 in enhanced damages); *Joe Hand Promotions, Inc. v. Erdem*, No. CV 12-00384-PHX-FJM, 2012 WL 2357312, at *1-2 (D. Ariz. June 20, 2012) ($10,000 in statutory damages and $5,000 in enhanced damages); *Joe Hand Promotions, Inc. v. Kostopoulos*, No. CV-10-02457-PHX-NVW, 2011 WL 1656789, at *2-3 (D. Ariz. May 3, 2011) ($5,000 in statutory damages and $10,000 in enhanced damages); *Miramontes*, 2011 WL 892350, at *2 ($2,700 in statutory damages and $10,000 in enhanced damages); *Kingvision Pay-Per-View, Ltd. v. Guzman*, No. CV-07-0963-PHX-PGR, 2008 WL 1924988, at *3 (D. Ariz. Apr. 30, 2008) ($1,000 in statutory damages and $3,000 in enhanced damages).

Judge Velasco found that the area in which Defendants broadcast the program could hold 50 to 60 people, and that ticket sales suggest at least 23 people viewed the program. (Doc. 32 at 12.) Defendants broadcast the program on four televisions, with the largest screen measuring 50-60 inches. (*Id.*) It would have cost Defendants $3,000 to obtain proper licensing to show the program. (*Id.* at 13.) Defendants were aware that the showing of the program had been advertised, and they collected a $10 per patron cover charge, receiving a total of $230.00 from ticket sales. (*Id.* at 14.) Defendants also received a total of $211.99 in beverage sales during the showing. (*Id.*) Judge Velasco found no evidence of repeat violations or premium drink prices. (*Id.*) Judge Velasco further found that Defendants did not garner substantial financial gain from showing the program, given that the bar was filled to less than half capacity during the showing. (*Id.*) Neither party has objected to Judge Velasco's factual findings, and the Court finds that they are not clearly erroneous. Similarly, neither party has objected to Judge Velasco's recommended award of $6,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II), and the Court finds that the recommended statutory damages award is not clearly erroneous.

In light of Plaintiff's objection to the portion of Judge Velasco's Report and Recommendation addressing enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), the Court has reviewed Judge Velasco's recommended enhanced damages award de novo.

Based on the particular circumstances of this case, the Court agrees with Judge Velasco that an enhanced damages award of $3,000 is sufficient for purposes of deterrence but not excessive. There is no evidence of repeat violations or premium drink prices, and the unlawful monetary gains received by Defendants were not substantial.

The Court has reviewed all other unobjected-to portions of Judge Velasco's Report and Recommendation for clear error, and has found none.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection (Doc. 33) to Judge Velasco's Report and Recommendation is **denied.**

**IT IS FURTHER ORDERED** that Judge Velasco's Report and Recommendation (Doc. 32) is **accepted and adopted in full.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 28) is **granted** as to liability on Count 1 and **partially granted** as to damages, as follows:

1. Summary judgment is **granted** in favor of Plaintiff on Count 1 of Plaintiff's Complaint (Doc. 1 at 5-7), alleging a violation of 47 U.S.C. § 605.
2. Count 2 of Plaintiff's Complaint (Doc. 1 at 7-8), alleging a violation of 47 U.S.C. § 553, is **dismissed with prejudice**.
3. Plaintiff is awarded **$6,000.00** in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and **$3,000.00** in enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), for a total award of **$9,000.00**.
4. The Clerk of Court is directed to enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiff may file the appropriate papers, in accordance with Fed. R. Civ. P. 54(d) and LRCiv 54.1 and 54.2, to obtain an award of its costs and attorneys' fees.

Dated this 19th day of January, 2018.

_____
Honorable Rosemary Márquez
United States District Judge