**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Incorporated, | No. CV-16-00234-TUC-RM (BPV) |
| Plaintiff, | **ORDER** |
| v. | |
| Arun Patel, et al., | |
| Defendants. | |

On December 4, 2017, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation ("R&R") (Doc. 32), recommending that this Court grant Plaintiff's Motion for Summary Judgment with regard to liability under 47 U.S.C. § 605 and award Plaintiff $9,000.00 in damages. (Doc. 32 at 6-16.)[1] Judge Velasco also recommended that Plaintiff be permitted to file the appropriate papers to obtain an award of costs and attorneys' fees, in accordance with Fed. R. Civ. P. 54 and LRCiv 54.1 and 54.2. (*Id.* at 15-16.) This Court adopted the R&R in full on January 19, 2018. (Doc. 35.)

Currently pending before the Court is Plaintiff's Motion for Award of Costs and Attorneys' Fees. (Doc. 41.) Defendants did not respond to the Motion.

**I.    Costs**

Plaintiff seeks costs in the amount of $2,199.15. (Doc. 41 at 3.) Plaintiff included a Bill of Costs as Exhibit A to its Motion for Award of Costs and Attorneys' Fees. (*See*

---

[1] All record citations refer to the page numbers generated by the Court's electronic filing system.

Doc. 41-2 at 2-3.) The Bill of Costs lists both taxable and non-taxable items. *See* 28 U.S.C. § 1920 (listing taxable items); LRCiv 54.1(e) (same).

### A. Non-Taxable Costs

Plaintiff's Bill of Costs lists $1,200.00 in non-taxable investigator costs. Section § 605 provides for "the recovery of full costs" to the prevailing party. 47 U.S.C. § 605(e)(3)(B)(iii). As noted by Plaintiff (Doc. 41 at 2), some courts have interpreted the "full costs" language of Section 605 as providing for the recovery of non-taxable investigator costs. *See, e.g.*, *Kingvision Pay-Per-View Ltd. v. Autar*, 426 F. Supp. 2d 59, 66-67 (E.D.N.Y. 2006). Other courts have reached the opposite conclusion, and the Ninth Circuit has not addressed the issue. Pursuant to *Kingvision*, which Plaintiff relies upon, a plaintiff must support a request for investigator costs under § 605 with documentation showing: "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate." *Id.* at 67.

Plaintiff has submitted two invoices to support its request for investigator costs. (*See* Doc. 41-4 at 17-18.) The first is an invoice in the amount of $560 payable to Pro PI, LLC. (*Id.* at 17.) The second is an invoice in the amount of $660 payable to Gary Turner of PartnerCheck Investigations, LLC. (*Id.* at 18.)[2] Plaintiff has not identified the hourly rates charged by these investigators or why the investigators are qualified to demand the requested rates. Because Plaintiff has not provided sufficient documentation to show that the investigative costs were reasonably incurred, the Court declines to direct the recovery of such costs. *See Kingvision*, 426 F. Supp. 2d at 67-68 (declining to award costs for investigative services due to inadequate documentation); *J & J Sports Prods., Inc. v. Barajas*, No. 1:15-cv-01354-DAD-JLT, 2017 WL 469343, at *5 (E.D. Cal. Feb. 2, 2017) (same); J *& J Sports Prods., Inc. v. Macia*, No. CV 13-00921-PHX-DGC, 2014 WL

---

[2] The total of these two invoices is $1,220.00, which is the amount of investigative fees listed by Plaintiff in a Bill of Costs attached to a previously filed but now withdrawn Motion for Award of Costs and Attorneys' Fees. (*See* Doc. 37-2 at 2.) It is unclear why the Bill of Costs attached to the currently pending Motion reduces the listed investigative fees to $1,200.00. (*See* Doc. 41-2 at 2.)

3747608, at *2 (D. Ariz. July 30, 2014) (same); *Joe Hand Promotions, Inc. v. Albright*, No. CIV. 2:11-2260 WBS CMK, 2013 WL 4094403, at *6 (E.D. Cal. Aug. 13, 2013) (same).

**B.    Taxable Costs**

Pursuant to the Local Rules of Civil Procedure, "[a] party entitled to costs shall, within fourteen (14) days after the entry of final judgment . . . file with the Clerk of Court and serve upon all parties, a bill of costs on a form provided by the Clerk." LRCiv 54.1(a). Objections to any cost item may be filed within fourteen days after service of the bill of costs. *Id.* at 54.1(b). After expiration of the objection period, the Clerk has thirty days in which to tax costs. *Id.* A motion for district court review must be filed within seven days after the Clerk's taxation. *Id.*; *see also* Fed. R. Civ. P. 54(d)(1).

Plaintiff is entitled to taxable costs, but he must comply with Fed. R. Civ. P. 54(d) and LRCiv 54.1. Within three (3) days of the date this Order is filed, Plaintiff shall file and serve a Bill of Costs listing only taxable items.[3] The Bill of Costs shall not list investigative costs, as such costs are non-taxable and the Court declines to award them due to inadequate documentation, as discussed above.

**II.    Attorneys' Fees**

In addition to costs, Plaintiff seeks $10,415.00 in attorneys' fees. (Doc. 41 at 3.) Plaintiff's counsel, attorney Thomas P. Riley, submitted a declaration in support of this request. (Doc. 41-4 at 2-6.) According to the declaration, Mr. Riley has been practicing law for approximately 23 years, and his billable hourly rate for federal civil litigation is $500.00 per hour. (*Id.* at 3.) Mr. Riley avers that, "[w]herever possible," his office

---

[3] Plaintiff should have filed a Bill of Costs listing taxable items within fourteen days after entry of judgment, pursuant to LRCiv 54.1(a). Only requests for non-taxable expenses should be made by motion. *See* LRCiv 54.2. It is not clear why Plaintiff combined its requests for taxable and non-taxable costs instead of complying with LRCiv 54.1 and 54.2. However, because Plaintiff included a Bill of Costs as an attachment to its initial Motion for Award of Costs and Attorneys' Fees (Doc. 37) and as an attachment to its currently pending Motion (Doc. 41), and given Defendants' lack of objection, the Court will excuse Plaintiff's failure to strictly comply with the fourteen-day deadline of LRCiv 54.1(a). Plaintiff's Bill of Costs will be considered timely so long as Plaintiff files and serves it within three (3) days of the date this Order is filed.

utilizes paralegals, assistants, and a research attorney in order to minimize fees. (*Id.* at 3-4.) His office bills administrative assistant time at $100.00 per hour, paralegal time at $200.00 per hour, and research attorney time at $300.00 per hour. (*Id.* at 3.) Mr. Riley's declaration provides no information about the experience or qualifications of the administrative assistants, paralegals, and research attorney utilized by his office. Mr. Riley states that he does not have a fee agreement with Plaintiff, and that Plaintiff has not paid any fees or expenses incurred in this litigation. (*Id.* at 5.)

In addition to Mr. Riley's declaration, Plaintiff submitted an incomplete set of billing records reflecting charges totaling $10,315.00. (Doc. 41-4 at 8-13.)[4] The billing records refer to timekeepers using the following abbreviations: "AA" for administrative assistant, "PRL" for paralegal, "RSA" for research assistant, and "TPR" for Mr. Riley. (Doc. 41-4 at 4.)

### A. Legal Standard

Under the "American Rule," "each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). In the present case, 47 U.S.C. § 605(e)(3)(B)(iii) expressly authorizes the recovery of "reasonable attorneys' fees."

The lodestar method, which calculates as a starting point "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," *Hensley*, 461 U.S. at 433, has been used to calculate attorneys' fees under Section 605. *See, e.g.*, *Joe Hand Promotions, Inc. v. Pete*, No. C-99-0531-VRW, 1999 WL 638215, at *3 (N.D. Cal. Aug. 17, 1999). In determining what constitutes a reasonable hourly rate, the Court must look to the prevailing market rates in the relevant community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). "[T]he general rule is

---

[4] In a previously filed but now withdrawn Motion for Award of Costs and Attorneys' Fees (Doc. 37), Plaintiff submitted a complete set of billing records reflecting charges totaling $10,415.00. (*See* Doc. 37-4 at 7-13.) Because Document 37 was withdrawn (*see* Doc. 38), the Court considers only the documentation submitted with the currently pending Motion (Doc. 41).

- 4 -

that the rates of attorneys practicing in the forum district . . . are used." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).[5] Plaintiff bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

Fees for work performed by non-attorneys such as paralegals and legal assistants may be included in an award of reasonable attorneys' fees if it is the prevailing practice in the relevant community to bill such fees separately. *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006). However, if an "attorney's hourly rate already incorporates the cost of work performed by non-attorneys," then such work is not separately compensable. *Id.* at 1257. Some courts in the District of Arizona have held that separate charges for secretarial or clerical work are not properly included in an award of attorneys' fees because such work should be subsumed in a law firm's overhead. *See, e.g.*, *Macia*, 2014 WL 3747608, at *1; *J & J Sports Prods., Inc. v. Mosqueda*, No. CV-12-00523-PHX-DGC, 2013 WL 5336848, at *3 (D. Ariz. Sept. 24, 2013); *Schrum v. Burlington N. Santa Fe Ry. Co.*, No. CIV 04-0619-PHX-RCB, 2008 WL 2278137, at *12 (D. Ariz. May 30, 2008). However, other cases have reached the opposite conclusion. *See, e.g.*, *Richards v. Del Webb Cmtys., Inc.*, No. CV-11-368-PHX-SMM, 2013 WL 5445440, at *2 (D. Ariz. Sept. 30, 2013) (allowing recovery of fees for services of legal assistants as part of attorneys' fee award); *Skydrive Ariz., Inc. v. Quattrocchi*, No. CV 05-2656-PHX-MHM, 2011 WL 1004945, at *4 (D. Ariz. Mar. 22, 2011) (same).

LRCiv 54.2(c) requires that a motion for award of attorneys' fees be supported by a memorandum of points and authorities that discusses the party's eligibility and entitlement to the award and the reasonableness of the amount sought. Plaintiff's

---

[5] Rates other than those of the forum may be employed if local counsel was unavailable. *Gates*, 987 F.2d at 1405-06. However, Plaintiff has not presented any evidence to support a finding that local counsel was unwilling or unable to properly handle the above-captioned matter.

memorandum of points and authorities (Doc. 41-1) discusses eligibility and entitlement, but with respect to the reasonableness of the requested award, it merely references Mr. Riley's declaration. (*Id.* at 3.) Mr. Riley's declaration does not discuss all of the applicable factors set forth in LRCiv 54.2(c)(3). Furthermore, the declaration does not fully comply with LRCiv 54.2(d)(4).

### B. Reasonable Hourly Rate

Plaintiff has not met its burden of proving that the hourly rates charged by Mr. Riley's office "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 980. Plaintiff submitted a Laffey Matrix to support the reasonableness of Mr. Riley's hourly rate; however, the Laffey Matrix submitted by Plaintiff was prepared for the District of Columbia. (*See* Doc. 41-4 at 15.) The Laffey Matrix does not provide evidence of the prevailing rates charged in the District of Arizona.[6] Furthermore, in his affidavit, Mr. Riley states only that the rates charged by his office "are comparable to rates for specialized litigation law firms," and that his "personal rate is comparable to the rates of law firm partners who practice in specialized litigation." (*Id.* at 3.) Mr. Riley does *not* aver that his personal rate and the rates charged by his office are in line with the prevailing rates charged by specialized litigation law firms *in the District of Arizona*.[7]

The Court finds that the rates charged by Mr. Riley and his office are higher than the prevailing market rates in this district for similar work performed by attorneys of

---

[6] Mr. Riley's declaration states that the District of Arizona has considered Laffey Matrix calculations in determining the reasonableness of attorneys' fees awards. (Doc. 41-4 at 4.) However, the case cited by Mr. Riley in support of this proposition references a Laffey Matrix setting forth rates charged by Phoenix attorneys. *St. Bernard v. State Collection Serv., Inc.*, 782 F. Supp. 2d 823, 827 (D. Ariz. 2010). Plaintiff has not cited any case in which a court in this district relied upon a Laffey Matrix setting forth rates charged in the District of Columbia. Any such reliance would conflict with Ninth Circuit case law requiring this Court to determine the prevailing market rate in the relevant community.

[7] Plaintiff argues that Mr. Riley's rates have been determined reasonable by a court in this district, citing the District of Arizona case *J & J Sports Prods. Inc. v. Jimenez*, CV 16-1214-JJT. This Court is not persuaded by the result obtained in that case, as the order granting attorneys' fees contains no reasoning.

comparable skill, experience, and reputation. *See, e.g.*, *Bray v. Maxwell & Morgan PC*, No. CV-17-00486-PHX-DGC, 2017 WL 5668269, at *2 (D. Ariz. Nov. 27, 2017) (finding a rate of $325 per hour higher than average rate in the District of Arizona but reasonable for a lawyer with 20 years of experience); *Brooke v. A-Ventures, LLC*, No. 2:17-cv-2868-HRH, 2017 WL 5624941, at *6-7 (D. Ariz. Nov. 22, 2017) (reducing requested $650 hourly rate to $350 for attorney with specialized expertise); *Wood v. Betlach*, No. CV12-08098-PCT-DGC, 2017 WL 1398552, at *8 (D. Ariz. Apr. 19, 2017) (finding rate of $350 per hour to be reasonable); *O'Neal v. America's Best Tire LLC*, No. CV-16-00056-PHX-DGC, 2017 WL 1311670, at *3-4 (D. Ariz. Apr. 5, 2017) (finding hourly rate of $300 comparable to prevailing rates in the District of Arizona for supervising attorney with specialized expertise). In order to bring Mr. Riley's personal rate in line with the prevailing rates in this community, the Court will reduce the rate to $325 per hour.

Mr. Riley's declaration fails to comply with LRCiv 54.2(d)(4)(A), which requires the affidavit of moving counsel to provide a "brief description of the relevant qualifications, experience and case-related contributions of *each attorney* for whom fees are claimed." *Id.* (emphasis added). Over half of Plaintiff's requested attorneys' fees, $6,300.00, were billed by an unnamed research attorney. Mr. Riley's declaration discusses his own qualifications and experience, but it does not provide any information about the qualifications or experience of that research attorney. The Court notes that Plaintiff had been admonished in prior cases for this identical shortcoming. *See Mosqueda*, 2013 WL 5336848, at *2; *Albright*, 2013 WL 4094403, at *3. Because Plaintiff has provided no information about the qualifications or experience of the unnamed research attorney in order to support the reasonableness of the hourly rate charged by Mr. Riley's office for that attorney's time, the Court will reduce the unnamed research attorney's hourly rate to $132 per hour, which is the current rate at which Criminal Justice Act ("CJA") attorneys are compensated in this district.[8]

---

[8] http://www.azd.uscourts.gov/attorneys/cja/rates

Mr. Riley's declaration also fails to provide any information regarding the identity, qualifications, and experience of the paralegals and legal assistants employed by his office. Accordingly, the Court is unable to determine whether the hourly rates charged by such individuals are reasonable. As a result, the Court will reduce the paralegal and legal assistant rates to $55 per hour, which is the current approved hourly rate for compensating CJA paralegals and law clerks in this district.[9]

### C. Hours Reasonably Expended

The Court may reduce an attorneys' fee award where "the documentation of hours is inadequate" or where requested hours "are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433-34. Both inadequate documentation and unnecessary hours are present in this case.

The Court is troubled that Mr. Riley's declaration indicates his billing records were reconstructed after the fact rather than created as a result of contemporaneous timekeeping. (*See* Doc. 41-4 at 4 ("Billable hours for legal services rendered are *reconstructed* by way of a thorough review of the files themselves." (emphasis added)).) "Courts have found the billing records of parties that use this practice to be 'inherently less reliable.'" *Albright*, 2013 WL 4094403, at *4. The Court notes that Mr. Riley has previously been admonished for failing to create contemporaneous timekeeping records. *See id.*; *G & G Closed Circuit Events, LLC v. Ho*, No. 11-CV-03096-PHK, 2012 WL 3043018, at *2 (N.D. Cal. July 25, 2012).

Many of the charges listed in the billing records are duplicative and excessive. Although Mr. Riley's declaration avers that his office utilizes assistants wherever possible in order to minimize fees, the billing records submitted by Plaintiff show that Mr. Riley repeatedly billed his personal rate for identical tasks that were also performed by an administrative assistant. (*See* Doc. 41-4 at 8-13.) This duplication of effort resulted in unreasonably high charges for the review of documents which, in many instances, were mere sentences in length. For example, all of the following identical

---

[9] http://www.azd.uscourts.gov/sites/default/files/cja/CJA%20Expert%20Rates.pdf

tasks were billed by both Mr. Riley and an administrative assistant:

- Initial file review and preparation (Doc. 41-4 at 8)
- Public records review re: Arun Patel (*Id.*)
- Review of text order re: assignment to district judge (*Id.* at 9)
- Review of minute order re: assignment to Judge Marquez (*Id.*)
- Review of *pro hac vice* fee receipt (*Id.*)
- Review of order granting admission *pro hac vice* (*Id.*)
- Review of magistrate judge referral order (*Id.*)
- Public records review re: Arun Patel (*Id.*)
- Review of executed summons upon NASPP (*Id.*)
- Review of executed summons upon Arun Patel (*Id.*)
- Review of Answer (*Id.* at 10)
- Review of order setting scheduling conference (*Id.*)
- Review of "Defendants [sic] Amended Complaint against all Plaintiffs" (*Id.*)
- Review of Defendants' Amended Answer (*Id.*)
- Review of order resetting scheduling conference (*Id.*)
- Review of Defendants' Supplement to Motion to Withdraw Attorney (*Id.*)
- Review of Court's Order granting Defendants' Motion to Withdraw Attorney (*Id.* at 10-11)
- Review of defense counsel's Notice of Appearance (*Id.* at 11)
- Review of order setting scheduling conference (*Id.*)
- Review of Defendants' initial disclosure statement (*Id.*)
- Review of minute entry from scheduling conference (*Id.* at 11-12)
- Review of scheduling order (*Id.* at 12)
- Review of Defendants' responses to first discovery requests (*Id.*)
- Review of Defendants' Response to MSJ (*Id.*)
- Review of R&R (*Id.* at 13)
- Review of Defendants' Reply to Objection to R&R (*Id.*)
- Review of Order accepting R&R (*Id.*)
- Review of Clerk's Judgment (*Id.*)

In total, Mr. Riley billed $1,550.00 for completion of the above tasks, and an administrative assistant billed $310 for completion of the same tasks. The Court finds that fees for administrative-assistant time are recoverable as part of an award of reasonable attorneys' fees, given inconsistency on that issue in this district and given Defendants' failure to respond to Plaintiff's Motion for Award of Costs and Attorneys' Fees. However, Mr. Riley has not shown any reason why the above document-review tasks needed to be performed *both* by an administrative assistant *and* by an experienced attorney. The Court notes that Plaintiff has been repeatedly admonished for similar duplicative billing practices in prior cases. *See, e.g.*, *Barajas*, 2017 WL 469343, at *4.

The Court finds that it was reasonable for Mr. Riley to himself review Defendants' Answer and Amended Answer, Defendant's initial disclosure statement and discovery responses, Judge Bernardo P. Velasco's R&R, Defendants' Reply to Plaintiff's Objection

to the R&R, and the Court's Order accepting the R&R. However, it was unnecessarily duplicative for an administrative assistant to also bill for review of those documents; accordingly, the Court will allow only Mr. Riley's charges for those tasks. The Court finds that all of the other document-review tasks listed above are secretarial in nature, and the Court will allow only the administrative-assistant charges for them. Similarly, the Court will allow only the administrative-assistant rate to be charged for the secretarial task of filing and serving Plaintiff's Objection to Judge Velasco's R&R (*see* Doc. 41-4 at 13), as Plaintiff has offered no explanation as to why Mr. Riley himself, as opposed to an administrative assistant, charged for that secretarial task. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (the dollar value of clerical or secretarial tasks "is not enhanced just because a lawyer does it").

There are additional duplicative and/or unsupported charges listed in the billing records submitted by Plaintiff. For example, Mr. Riley and his administrative assistant both billed twice for public records review regarding Arun Patel. (*See* Doc. 41-4 at 8-9.) Plaintiff has offered no explanation for the duplication of that charge; accordingly, the Court will not allow recovery for the second public records review. In addition, both Mr. Riley and his administrative assistant both billed for reviewing Defendants' Amended Complaint (Doc. 15) as well as Defendants' Amended Answer (Doc. 16), even though those documents are identical.[10] The Court will not allow recovery for review of the Amended Complaint (Doc. 15). Furthermore, the Court will not allow recovery of a charge for the filing and service of a Response in Opposition to Plaintiff's Motion for Summary Judgment (*see* Doc. 41-4 at 12), as Plaintiff never filed such a document.

As noted above, the majority of Plaintiff's requested attorneys' fees result from the work of an unidentified research attorney. The unidentified attorney billed ten hours for preparation of Plaintiff's Motion for Summary Judgment and Statement of Facts in support thereof; four hours for preparation of Plaintiff's Reply to Response in Opposition

---

[10] Defendants erroneously filed Document 15 as an "Amended Complaint" and then re-filed it at Document 16 with the correct designation of "Amended Answer."

to the Motion for Summary Judgment; four hours for preparation of Plaintiff's Objection to Judge Velasco's R&R; and three hours for preparation of Plaintiff's Motion for Award of Costs and Attorneys' Fees. The billing-record entries associated with these tasks do not comply with the requirements of LRCiv 54.2(e)(2), which requires a party seeking an award of attorneys' fees to "adequately describe the services rendered so that the reasonableness of the charge can be evaluated." *Id.* Specifically, time entries associated with the preparation of pleadings or other papers "must identify the pleading, paper or other document prepared and the activities associated with its preparation." LRCiv 54.2(e)(2)(C). If time descriptions "fail to adequately describe the service rendered, the court may reduce the award accordingly." LRCiv 54.2(e)(2).

Although the billing records submitted by Plaintiff identify the documents prepared by the unidentified research attorney, they do not identify the activities associated with those documents' preparation so as to allow the Court to determine whether the hours billed were reasonably expended. *See* LRCiv 54.2(e)(2)(C). Due to Plaintiff's failure to comply with LRCiv 54.2(e)(2), the Court is unable to determine the extent to which the unidentified attorney performed independent research and original writing in the preparation of the documents, as opposed to utilizing boilerplate forms. As courts in this district have noted, Mr. Riley has filed hundreds of actions similar to the above-entitled matter. *Joe Hand Promotions, Inc. v. Weber*, No. CV 12-00387-PHX-FJM, 2012 WL 5306162, at *2 (D. Ariz. Oct. 26, 2012). A court may find attorneys' fees requests excessive where an action is routine and/or substantially similar to prior actions brought by the same attorney. *Albright*, 2013 WL 4094403, at *4. Furthermore, Mr. Riley is known to use boilerplate pleadings and form motions. *See, e.g.*, *Ho*, 2012 WL 3043018, at *2; *J & J Sports Prods., Inc. v. TCOS Enters., Inc.*, No. 10-7130, 2012 WL 1361655, at *3 (E.D. Pa. Apr. 19, 2012). The Court is troubled that, in cases in which Mr. Riley has been ordered to detail the *actual* time expended on tasks after taking into account the use of boilerplate pleadings and motion-related forms, he has instead chosen

to forego filing motions for attorneys' fees.[11] Because this action is substantially similar to numerous prior actions brought by Mr. Riley and his billing records do not comply with LRCiv 54.2(e)(2), the Court will reduce the hours billed by the unidentified research attorney.

After cutting unnecessary, unsupported, and duplicative charges, the Court will allow only the following hours:

- Initial file review and preparation: 0.15 hours (AA — $55/hour)
- Public records review re: Arun Patel: 0.15 (AA — $55/hour)
- Preparation/service of initial demand letter: 0.25 (AA — $55/hour)
- Review and execution of initial demand letter: 0.10 (TPR — $325/hour)
- Preparation/filing/service of initiating suit papers: 2.0 (AA — $55/hour)
- Review and execution of initiating suit papers: 0.25 (TPR — $325/hour)
- Preparation/filing/service of motion for admission *pro hac vice*: 0.50 (AA — $55/hour)
- Review and execution of motion for admission *pro hac vice*: 0.15 (TPR — $325/hour)
- Review of text order regarding assignment to district judge: 0.10 (AA — $55/hour)
- Review of minute order regarding assignment to Judge Marquez: 0.10 (AA — $55/hour)
- Review of *pro hac vice* fee receipt: 0.10 (AA — $55/hour)
- Review of order granting admission *pro hac vice*: 0.10 (AA — $55/hour)
- Review of magistrate-judge referral order: 0.10 (AA — $55/hour)
- Review of executed summons upon NASPP: 0.10 (AA — $55/hour)
- Review of executed summons upon Arun Patel: 0.10 (AA — $55/hour)
- Review of Answer: 0.25 (TPR — $325/hour)
- Review of order setting scheduling conference: 0.10 (AA — $55/hour)
- Review of Amended Answer: 0.10 (TPR — $325/hour)
- Review of order resetting scheduling conference: 0.10 (AA — $55/hour)
- Review of Defendants' Supplement to Motion to Withdraw Attorney: 0.10 (AA — $55/hour)
- Preparation/filing/service of Notice of Non-Opposition to Motion to Withdraw: 0.25 (AA — $55/hour)
- Review and execution of Notice of Non-Opposition to Motion to Withdraw: 0.15 (TPR — $325/hour)
- Review of order granting Motion to Withdraw Attorney: 0.10 (AA — $55/hour)
- Review of defense counsel's Notice of Appearance: 0.10 (AA — $55/hour)
- Review of order setting scheduling conference: 0.10 (AA — $55/hour)
- Preparation/service of first discovery requests: 2.00 (AA — $55/hour)
- Review and execution of first discovery requests: 0.15 (TPR — $325/hour)

---

[11] *J & J Sports Prods., Inc. v. Mejia*, No. CV-14-02007-PHX-PGR, 2015 WL 2248579, at *3 (D. Ariz. May 13, 2015) (requiring Mr. Riley to detail the actual time expended on a task, taking into account the use of boilerplate pleadings and motion-related forms); *Kingvision Pay Per View, Ltd. v. Guzman*, No. CV-07-0963-PHX-PGR, 2008 WL 1924988, at *4 (D. Ariz. Apr. 30, 2008) (same). A review of the dockets in each of these cases reveals that, after being ordered to detail actual time expended after taking into account boilerplate pleadings and forms, Mr. Riley failed to file motions for attorneys' fees.

- Preparation/service of initial disclosures: 1.00 (AA — $55/hour)
- Review and execution of initial disclosures: 0.15 (TPR — $325/hour)
- Preparation/filing/service of joint report: 0.25 (AA — $55/hour)
- Review and execution of joint report: 0.15 (TPR — $325/hour)
- Review of Defendants' initial disclosure statement: 0.10 (TPR — $325/hour)
- Review of scheduling conference minute entry: 0.10 (AA — $55/hour)
- Review of scheduling order: 0.10 (AA — $55/hour)
- Review of Defendants' responses to first discovery requests: 0.10 (TPR — $325/hour)
- Preparation/service of witness list: 0.30 (AA — $55/hour)
- Review and execution of witness list: 0.15 (TPR — $325/hour)
- Preparation/filing/service of Notice of Unavailability: 0.25 (AA — $55/hour)
- Preparation of MSJ: 5.00 (RSA — $132/hour)
- Filing/service of MSJ: 0.75 (AA — $55/hour)
- Review of Response to MSJ: 0.10 (TPR — $325/hour)
- Preparation of Reply to Response to MSJ: 2.00 (RSA — $132/hour)
- Review of R&R: 0.10 (TPR — $325/hour)
- Preparation of Objection to R&R: 2.00 (RSA — $132/hour)
- Filing/service of Objection to R&R: 0.75 (AA — $55/hour)
- Review of Reply to Objection to R&R: 0.10 (TPR — $325/hour)
- Review of Order Accepting R&R: 0.10 (TPR — $325/hour)
- Review of Clerk's Judgment: 0.10 (AA — $55/hour)
- Preparation/filing/service of attorneys' fees and costs bill: 3.00 (AA — $55/hour)
- Review and execution of attorneys' fees and costs bill: 0.10 (TPR — $325/hour)
- Preparation of Motion for Attorneys' Fees and Costs: 1.50 (RSA — $132/hour)

The hours and rates set forth above result in a total award of $2,859.50 in reasonable attorneys' fees.

**IT IS ORDERED** that Plaintiff's Motion for Costs and Attorneys' Fees (Doc. 41) is **granted in part and denied in part**, as follows:

1. Plaintiff's request for investigative costs is **denied**.
2. Plaintiff is entitled to taxable costs. Plaintiff shall file and serve a Bill of Costs listing only taxable items within three (3) days of the date this Order is filed.[12] The Clerk of Court is directed to tax costs in favor of Plaintiff, pursuant to Fed. R. Civ. P. 54 and LRCiv 54.1.

. . . .

. . . .

. . . .

. . . .

---

[12] As discussed above, the Bill of Costs shall be considered timely so long as it is filed and served within three (3) days of the date this Order is filed. The Bill of Costs shall not list investigator costs.

3. Plaintiff is awarded **$2,859.50** in reasonable attorneys' fees under 47 U.S.C. § 605(e)(3)(B).

Dated this 3rd day of April, 2018.

_____
Honorable Rosemary Márquez
United States District Judge